UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY,  )<br>)<br>Plaintiff  )<br>)<br>v.  )<br>)<br>DEBORAH A. WESOJA, as  )<br>Guardian and Conservator of  )<br>BIANCA J. MacKAY,  )<br>)<br>and  )<br>)<br>CHENDA DOEUR,  )<br>)<br>Defendants  ) | No. 2:22-cv-00363-NT |

## ORDER ON MOTION TO STAY

Chenda Doeur and Bianca J. MacKay were involved in a motor vehicle accident in Brunswick in August 2021 that left MacKay with catastrophic injuries. *See* ECF No. 1-1. MacKay—through her Guardian and Conservator, Deborah A. Wesoja—filed suit against Doeur and others in the Maine Superior Court (Cumberland County). *See id.* Cambridge Mutual Fire Insurance Company, which insured Doeur under the terms of a personal umbrella policy at the time of the accident, initiated this action in November 2022 seeking a declaratory judgment that it has no duty to defend or indemnify Doeur in the state case. *See* Complaint (ECF No. 1).

Doeur has now moved to stay this case pending the outcome of the still-ongoing state civil case or, in the alternative, for a stay of all discovery as to him pending the

1

outcome of a related state criminal case against him. *See* Motion (ECF No. 12). He points out that the Maine Law Court has consistently held that duty to indemnify actions "should not be brought, or should be stayed, until the underlying action is completed in order to avoid duplicative litigation and to spare the insureds the costs of declaratory judgment actions." *Id.* at 2 (quoting *Foremost Ins. Co. v. Levesque*, 2007 ME 96, ¶ 2 n.1, 926 A.2d 1185). He asserts that Cambridge Mutual's duty to indemnify him will depend on disputed facts that will ultimately be resolved in the state civil case and that it would be burdensome for him to defend against this action at the same time as the state civil case because most of his assets have been frozen as a result of an attachment order. *See id.*; Reply (ECF No. 15) at 3. He also notes that the Superior Court stayed all discovery as to him in the civil action for six months to protect his Fifth Amendment rights in the related criminal case. *See* Motion at 3; ECF No. 12-1.

Cambridge Mutual and MacKay oppose Doeur's motion to stay the case. *See* ECF Nos. 13, 16. They assert that he is being defended in the state civil case by another insurance carrier who has already tendered its policy limit and that the case is essentially on hold pending the resolution of Cambridge Mutual's duty to indemnify. *See* ECF No. 13 at 4. They also contend that the facts necessary to resolve coverage are essentially undisputed and therefore will not require duplicative litigation. *See* ECF No. 16 at 1.

I held a hearing on Doeur's motion on July 12, 2023. *See* ECF No. 20. At the hearing, Doeur indicated that in the time since he filed his motion, he has pleaded

guilty in the related state criminal case thereby negating the need for protection from discovery on Fifth Amendment grounds. Nevertheless, he still pressed for a general stay of this case to avoid burdening him with litigating liability and indemnification at the same time.

Having carefully considered the parties' I arguments, I conclude that a stay is not warranted.

By my reading of the complaint and umbrella policy, the critical issue in this action is not whether Doeur was negligent in the accident but rather whether the accident falls within the policy's business auto exclusion. *See* Complaint; ECF No. 1-2. Doeur has already made a number of pertinent admissions on that front, including that the freightliner truck involved in the accident was leased by his seafood business and that at the time of the accident he was engaged in the business of delivering lobsters. *See* ECF No. 13-1. In the absence of a more cogent explanation from Doeur as to how the ultimate resolution of his liability in the state civil action will affect the resolution of the coverage issue, this case appears to fall within the Law Court's "exception allowing" the simultaneous "adjudication of [an] insurer's declaratory judgment action where the coverage determination is entirely separable from the merits of the injured party's claims." *Patrons Oxford Mut. Ins. Co. v. Garcia*, 1998 ME 38, ¶¶ 7-8, 707 A.2d 384.

I am not unsympathetic to the burden—both financial and otherwise—that Doeur faces in litigating multiple cases at once but that burden is significantly lessened by the fact that he is being defended in the state civil case by another

3

insurance company. *See id.* ¶ 7 (explaining that the exceptions to the rule against simultaneously litigating liability and coverage apply in situations where "the concern about requiring the insured to litigate the facts of the claim simply to obtain a defense is not present"). Moreover, Doeur did not meaningfully contest Cambridge Mutual and MacKay's assertion that the state civil case has come to a standstill because of the coverage dispute at issue in this action. In these specific circumstances, the benefit of an indefinite stay to Doeur is outweighed by the burden such a stay would have on Cambridge Mutual and MacKay.

For these reasons, Doeur's motion is **DENIED**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: July 13, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge